IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| C.C., : | |
| : | |
| Plaintiff, : | |
| : | |
| VS. : | |
| : | **1 : 20-CV-170 (TQL)** |
| : | |
| Commissioner of Social Security, : | |
| : | |
| Defendant. : | |

**ORDER**

Plaintiff filed this Social Security appeal on September 9, 2020 challenging the Commissioner's final decision denying her application for disability benefits, finding her not disabled within the meaning of the Social Security Act and Regulations. (Doc. 1). Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment. The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals. 28 U.S.C. § 636(c)(3).

*Legal standards*

In reviewing the final decision of the Commissioner, this Court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that

a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Richardson v. Perales*, 402 U.S. 389, 401 (1971)*; Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). In reviewing the ALJ's decision for support by substantial evidence, this Court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

*Administrative Proceedings*

Plaintiff filed an application for disability benefits on March 1, 2017, alleging disability since August 25, 2016. (T-180). Her claim was denied initially and upon reconsideration. (T-89, 90). A hearing was held before an ALJ in October 2019. (T-50-71). In a hearing decision dated November 19, 2019, the ALJ determined that Plaintiff was not disabled. (T-12-37). The Appeals Council denied Plaintiff's request for review. (T-1-6).

*Statement of Facts and Evidence*

Plaintiff, born on April 2, 1963, was 56 years of age at the time of the ALJ's November 2019 decision. (T-209). Plaintiff alleges disability since August 25, 2016, due to fibromyalgia, osteoarthritis, chronic wide spread body pain, depression, anxiety, panic attacks, central sensitivity syndrome, cervical spine fusion, degenerative disc disease, and fatty liver disease. (T-209, 222). Plaintiff completed high school, and has past relevant work experience as an administrative assistant and secretary, along with work in accounts payable and human resources. (T-223-224). As determined

by the ALJ, Plaintiff suffers from severe impairments in the form of cervical degenerative disc disease, status post anterior cervical discectomy and fusion C5-C6, lumbar degenerative changes, obesity, fibromyalgia, and bipolar disorder. (T-18). The ALJ found that the Plaintiff did not have an impairment or combination thereof that met or medically equaled a listed impairment, and remained capable of performing work activity at the light exertional level with certain limitations. (T-18-19). The ALJ determined that Plaintiff could return to her past relevant work as an accounts payable clerk, a human resources clerk, an administrative assistant, and a resident manager, and that she was thus not disabled. (T-29).

## DISCUSSION

Plaintiff contends that the ALJ failed to adequately assess her residual functional capacity ("RFC"), by failing to appropriately consider the opinions of limitation issued by consultative examiner Dr. Shahar, and by failing to include mental limitations in his RFC finding.[1] She further argues that the ALJ failed to fully develop the record in not recontacting treating physicians regarding Plaintiff's limitations.

*Residual functional capacity assessment*

The ALJ's RFC determination is "an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite [her] limitations." *Lewis,* 125 F.3d at 1440; *see also Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004) (ALJ must consider all of the record evidence in making a RFC determination). A claimant's residual functional capacity is the most she can do despite her limitations and is based on all the relevant evidence in the case record, including her medical history, medical signs and laboratory findings, the effects of treatment, daily activities,

---

[1] Although Plaintiff refers to the "opinions" of non-examining state agency consulting examiners in the heading of this portion of her argument, she only discusses the opinion of Dr. Shahar in the body of her argument, and the Court will limit its analysis accordingly.

recorded observations, and any medical source statements. 20 C.F.R. § 404.1545. Relevant evidence includes medically determinable impairments that are not "severe". *Id.* In order for Plaintiff to establish functional limitations from impairments, "a diagnosis or a mere showing of a deviation from purely medical standards of bodily perfection or normality is insufficient; instead, the claimant must show the effect of the impairment on her ability to work." *Wind v. Barnhart*, 133 F. A'ppx 684, 690 (11th Cir. 2005).

At the initial level of determination of Plaintiff's claim, the Administration directed consultative examinations, with the Plaintiff's mental RFC evaluated on July 23, 2017 by Dr. Fran Shahar (T-72-86). Dr. Shahar found that Plaintiff had moderate limitations in the ability to maintain attention and concentration for extended periods, moderate limitations in the ability to perform activities within a schedule, and moderate limitations in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms. (T-84-85). Dr. Shahar also found that Plaintiff had moderate limitations in her ability to interact appropriately with the public, in her ability to accept instructions and respond appropriately to criticism from supervisors, in her ability to get along with coworkers, in her ability to maintain socially appropriate behavior, and in her ability to respond appropriately to changes in the work setting. *Id.* Dr. Shahar concluded that

> at a minimum, [Plaintiff] can do simple work routines with adeq[uate] conc[entration], att[ention], pace, and persistence. [Plaintiff] may have some difficulty adapting to work stress. However, from a strictly psy[chological] perspective, [Plaintiff] is not presenting with [symptoms] that would preclude doing so, if [Plaintiff] were so motivated. [Plaintiff's] psy[chological symptoms] could cause social difficulty in the workplace, but [Plaintiff] retains the ability to adhere to social conventions. [Plaintiff] can adapt to ordinary work transitions, but may have difficulty with frequent or major workplace changes.

(T-85-86).

The ALJ found that Plaintiff has the RFC to perform light work with restrictions on her ability to stand or walk, climb ramps and stairs, balance, stoop, kneel, crouch, and crawl, climb ladders, ropes, or scaffolds, reach, handle, and finger, and exposure to heat, cold, and hazards. (T-19). The ALJ did not include any mental limitations in his RFC findings. The ALJ noted the opinions of the state agency psychologists, but found them "not consistent with the evidence including the claimant's work activity and the opinions of Dr. Carden. Thus, they are assigned little weight." (T-28).

The ALJ provided adequate reasons to assign little weight to the opinion issued by Dr. Shahar, as he pointed to the inconsistencies with Plaintiff's work activity and the opinions of Dr. Carden. Substantial evidence supports the ALJ's determination that Plaintiff is not disabled. The Court notes that, contrary to Plaintiff's description of Dr. Shahar's findings, she did not find that Plaintiff was limited to performing simple work routines, but that such routines were the *minimum* Plaintiff could perform. (T-85). As detailed by the ALJ in his opinion, Plaintiff's work activity, carried on after the alleged onset of her disability, included work as a property manager twenty (20) hours per week that included dealing with paperwork, interacting with others, and dealing with short notice maintenance demands. (T-26). Furthermore, the ALJ detailed Dr. Carden's findings, which included the finding that Plaintiff had the capacity to adapt to routine levels of work related stress as long as her depressive symptoms were adequately managed and treated. (T-27). The ALJ specifically found that "[w]hile the claimant may have some variability in pace and social functioning, her ability to work as a property manager for over a year suggests that these are not significantly limiting symptoms." *Id.* The ALJ's assignment of little weight to the findings of Dr. Shahar is supported by substantial evidence.

The ALJ did not adopt, nor was he required to adopt, any additional limitations associated with Plaintiff's mental abilities, to the extent such were found by Dr. Shahar or Dr. Carden. Plaintiff did not

establish that additional limitations on her RFC were supported by the record or that they otherwise significantly affected Plaintiff's ability to perform work activity. As noted by the ALJ, the "[mild mental] limitations [he] identified in the 'paragraph B' criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process." (T-19).

*Development of the record*

Plaintiff also argues that the ALJ erred in failing to recontact Dr. Tidmore, Dr. Hill and Dr. Moreno, treating physicians, regarding the extent of Plaintiff's functional limitations as a result of her fibromyalgia. Plaintiff maintains that the ALJ's RFC determination conflicts with the opinions of these treating physicians, and that because these physicians' opinions were conclusory, the ALJ should have recontacted the physicians to obtain specific opinions regarding Plaintiff's limitations.

Under the current regulations, an ALJ, when confronted with insufficient evidence or when unable to reach a conclusion as to whether a claimant is disabled, "may" re-contact a medical source. 20 C.F.R. § 416.920b(b)(2)(i).

The record reflects that there was no basis for the ALJ to recontact the treating physicians, as there is no indication that the ALJ was confronted with insufficient evidence or was unable to reach a conclusion regarding disability. The ALJ found that the opinions of Plaintiff's treating physicians were only entitled to "little weight", as they offered only conclusory opinions on issues reserved to the Commissioner, and substantial evidence supports this determination. (T-28). "The regulations do not mandate recontacting a treating physician unless the ALJ deems it necessary. . . [and] the claimant bears the burden of proving he is disabled, and, consequently, he is responsible for producing evidence to support his claim. Thus, it is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so." *Davis v. Social Security*

*Administration, Commissioner,* 2021 WL 3887467, *5 (N.D.Ala. 2021), *internal citations omitted*. Plaintiff has failed to establish that additional medical records or support for the treating physicians' opinions, beyond what records are already in the record, even exist. As noted by the Commissioner, the ALJ need not rely on a medical opinion from an examining source to determine a claimant's RFC. *See* 20 C.F.R. § 404.1546(C); *Castle v. Colvin,* 557 F. A'ppx 849, 853-54 (11th Cir. 2014).

### *Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, the Commissioner's decision is **AFFIRMED** pursuant to Sentence Four of § 405(g).

**SO ORDERED**, this 16th day of March, 2022.

s/ *Thomas Q. Langstaff*
**UNITED STATES MAGISTRATE JUDGE**